IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT DUNLOP et al.,<br><br>    Plaintiffs,<br><br>  v.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE CO. and DOES 1-20,<br><br>    Defendants.<br>_____/ | No. C 12-2362 CW<br><br>ORDER GRANTING PETITION TO COMPEL ARBITRATION AND MOTION TO STAY (Docket Nos. 15 & 11). |

    Plaintiffs Scott and Sandra Dunlop bring this action against Defendant State Farm Mutual Automobile Insurance Company for breach of contract and breach of the implied covenant of good faith and fair dealing.  Defendant State Farm moves to compel arbitration and to stay the proceedings pending arbitration.  Plaintiffs oppose both motions.  The Court now takes the matter under submission on the papers and grants both motions.

BACKGROUND

    On August 8, 2008, the Dunlops were driving through Colusa County when they collided with an uninsured motorist on California State Route 45.  Docket No. 1, Notice of Removal, Ex. 2 (1AC) ¶¶ 13-17.  As a result of the collision, the Dunlops and their two minor children suffered serious bodily injuries.  Id. ¶ 15.

    After the accident, the Dunlops filed a claim with State Farm, their auto insurer.  Id. ¶ 18.  The Dunlops' insurance policy specifically provides coverage for any injuries caused by an accident with an uninsured motorist. Declaration of Lawrence D. Goldberg, Ex. A, at 11-16.  Under that provision of the policy,

any disputes between the insured and State Farm about the insured's right to recover from the uninsured motorist or about the amount of damages owed by the insurer "must be decided by agreement." Id. at 12.  If the two sides are unable to reach such an agreement, then either side may commence arbitration to resolve the dispute according to the specific procedures set forth in California's uninsured motorist statute, Cal. Ins. Code § 11580.2(f).[1]  Id.

On February 18, 2009, six months after the accident, State Farm sent the Dunlops a letter notifying them that their insurance claim was subject to a two-year statute of limitations under the state's uninsured motorist statute.  Id., Ex. B, at 1.  The letter stated:

> Under California law, Insurance Code 11580.2, and your State Farm automobile policy, within two years from the date of the accident, you must:
>
> 1. File a lawsuit for bodily injury in the proper court against the uninsured motorist; or
> 2. Reach agreement with us about the amount due under Uninsured Motorist Coverage; or
> 3. Formally start arbitration proceedings by making a written request, sent to us by Certified Mail, Return Receipt Requested.

Id. at 2.

---

[1] The exact terms of the policy are as follows:

> Two questions must be decided by agreement between the insured and us: (1) Is the insured legally entitled to collect damages from the owner or driver of the uninsured motor vehicle; and (2) If so, in what amount? If there is no agreement, upon written request of the insured or us, these questions shall be decided by arbitration as provided by section 11580.2 of the California Insurance Code.

Goldberg Decl., Ex. A, at 12.

2

Six months later, on August 7, 2009, the Dunlops filed suit against the uninsured motorist in Colusa County Superior Court. 1AC ¶ 20.  In June 2010, they notified State Farm that they would soon be submitting a Statement of Damages to the court and asking the court to schedule a prove-up hearing.  Goldberg Decl., Ex. C.

On October 29, 2010, State Farm sent the Dunlops a letter stating that it needed "additional time to consider [their] claim" because it was "await[ing] receipt of the judgment from [their] 3rd party lawsuit."  Id., Ex. D.  The letter also requested copies of the Dunlops' medical records and stated that State Farm would keep them informed about its own ongoing investigation into the accident.  Id.  The following week, on November 3, 2010, the Dunlops' attorney responded to State Farm's letter by informing the company that a prove-up hearing had been scheduled for later that month in the family's suit against the uninsured motorist. Id., Ex. E.

On December 13, 2010, two weeks after the prove-up hearing, the court entered a default judgment against the uninsured motorist for just over $1.7 million dollars.  Id., Ex. F.  The Dunlops sent State Farm a copy of the judgment on January 19, 2011.  Id., Ex. G, at 3-4.  They also submitted a demand for $300,000 -- the coverage limit for uninsured motorist claims under their policy.  Id. at 2.  On March 15, 2011, after further correspondence between the parties, State Farm responded to the Dunlops' demand with a counter-offer to settle the entire claim for $62,900.  1AC ¶ 29.  The Dunlops refused and, exactly one year later, on March 15, 2012, filed this suit against State Farm in

3

Alameda Superior Court. Id. at 1. The case was removed in May 2012 and State Farm moved to compel arbitration in July 2012.

## LEGAL STANDARD

When parties "have agreed that their arbitration agreement will be governed by the law of California," a court must apply the California Arbitration Act (CAA), Cal. Civ. Proc. Code §§ 1280 et seq., to determine whether that agreement is valid. Volt Info. Sci. v. Stanford Univ., 489 U.S. 468, 470 (1989) (holding that the CAA is not preempted by the Federal Arbitration Act, 9 U.S.C. § 1 et seq.). The CAA was enacted in 1961 in order to create "a comprehensive, all-inclusive statutory scheme applicable to all written agreements to arbitrate disputes." Am. Home Assurance Co. v. Benowitz, 234 Cal. App. 3d 192, 198 (1992). It provides:

> On petition of a party to an arbitration agreement alleging the existence of a written agreement to arbitrate a controversy and that a party thereto refuses to arbitrate such controversy, the court shall order the petitioner and the respondent to arbitrate the controversy if it determines that an agreement to arbitrate the controversy exists, unless it determines that:
>
> (a) The right to compel arbitration has been waived by the petitioner; or
>
> (b) Grounds exist for the revocation of the agreement.

Cal. Civ. Proc. Code § 1281.2. In other words, a trial court may only deny a petition to compel arbitration if it finds that the party seeking arbitration waived its rights under the agreement or that the agreement itself was revocable. United Teachers of L.A. v. L.A. Unified Sch. Dist., 54 Cal. 4th 504, 516 (2012).

The party opposing the petition bears the burden of establishing waiver or revocation. Saint Agnes Med. Ctr. v.

4

PacifiCare of Cal., 31 Cal. 4th 1187, 1195 (2003).  If that party fails to do so, then the trial court must grant the petition and stay the proceedings pending arbitration.  Cal. Civ. Proc. Code § 1281.4; MKJA, Inc. v. 123 Fit Franchising, LLC, 191 Cal. App. 4th 643, 658 (2011) ("The purpose of the statutory stay [under section 1281.4] is to protect the jurisdiction of the arbitrator by preserving the status quo until arbitration is resolved." (citations omitted)).

                          DISCUSSION

I.   Petition to Compel Arbitration

     Plaintiffs oppose State Farm's petition to compel arbitration on two grounds.  First, they argue that State Farm consented to be bound by the default judgment Plaintiffs obtained against the uninsured motorist in December 2010.  Second, they contend that even if State Farm did not consent to be bound by the default judgment, it still waived its arbitration rights through its conduct.  The following discussion addresses each of these arguments in turn.

     A.   Consent to Default Judgment

     Plaintiffs contend that State Farm implicitly consented to be bound by the default judgment Plaintiffs obtained against the uninsured motorist in state court.  See Goldberg Decl., Ex. F. They point specifically to State Farm's February 18, 2009 and October 29, 2010 letters as proof of the company's consent.  See id., Exs. B & D.  Because the question of whether State Farm is bound by the default judgment is ultimately a merits question, the Court declines to decide it on a motion to compel arbitration.

5

The California Supreme Court has held that when an insured is bound by a valid arbitration agreement with its insurer, disputes about whether the insurer is bound by a default judgment obtained against a third-party tortfeasor must be decided by arbitration. Bouton v. USAA Cas. Ins. Co., 43 Cal. 4th 1190, 1194, 1201-03 (2008) ("[W]e hold that it is for an arbitrator, and not a court, to decide whether the default judgment [the insured] obtained against the underinsured tortfeasor binds [the insurer]."). The court reasoned that "the binding nature of a default judgment . . . falls squarely within those questions of liability and damages statutorily subject to arbitration" under section 11580.2 of the Insurance Code. Id. at 1194. A court may therefore only address the "binding nature of a default judgment" if it first finds the arbitration agreement between the parties to be invalid.

Applying this principle to the present case reveals that Plaintiffs' argument -- that State Farm cannot compel arbitration because it is bound by the default judgment -- puts the cart before the horse. The Court cannot find that State Farm is bound by Plaintiffs' default judgment unless it first finds, as a threshold matter, that the parties are not bound by their original arbitration agreement. Plaintiffs' second argument here -- that State Farm waived its arbitration rights -- addresses this threshold question more directly.

B.   Waiver of Arbitration Rights

Plaintiffs contend that, even if State Farm's letters do not bind it to the default judgment, the letters still constitute a waiver of the company's right to arbitrate the dispute.

6

The California Supreme Court has cautioned that "no single test delineates the nature of conduct that will constitute a waiver of arbitration." Saint Agnes, 31 Cal. 4th at 1195-96. Rather, courts must consider a variety of factors in determining whether a party petitioning to compel arbitration has waived its right to arbitrate. Id. These factors include whether the parties have taken significant steps to prepare for litigation, whether the petitioner delayed in seeking arbitration, and whether the petitioner's conduct "prejudiced" or "misled" the opposing party in any way. Id. at 1196 (citations omitted). The touchstone typically is whether the petitioner's conduct is "so inconsistent with the exercise of the right to arbitrate that it constituted an abandonment of that right." Platt Pac., Inc. v. Adelson, 6 Cal. 4th 307, 318 (1993). Because of California's strong policy favoring arbitration, waivers of arbitration rights "are not to be lightly inferred." Saint Agnes, 31 Cal. 4th at 1195 (citing Christensen v. Dewor Dev., 33 Cal. 3d 778, 782 (1983)).

Plaintiffs' waiver argument here focuses, in particular, on State Farm's October 2010 letter. In that letter, the company stated that it could not decide Plaintiffs' insurance claim until it first received the judgment in Plaintiffs' suit against the uninsured motorist. Goldberg Decl., Ex. D. Plaintiffs assert that this forced them to pursue the default judgment and thus was inconsistent with an intent to arbitrate. They further contend that they were "misled by State Farm" and "made to jump through numerous unnecessary, costly and time consuming hoops" in order to recover their insurance benefits. Opp. 6.

7

This argument fails for one basic reason: namely, Plaintiffs have not shown that they were prejudiced by State Farm's October 2010 letter.  See Saint Agnes, 31 Cal. 4th at 1203 (holding that the party seeking to establish a waiver based on the opposing party's conduct must show that it was somehow prejudiced by that conduct).  Although they contend that State Farm's letter induced them to undertake costly litigation in pursuit of a default judgment, Plaintiffs' own evidence indicates that they decided to pursue litigation before they received the letter.  Indeed, Plaintiffs filed suit against the uninsured motorist in August 2009, more than a year before State Farm requested a copy of the judgment in that case.  What's more, Plaintiffs sent State Farm a letter in June 2010, more than four months before they received the State Farm letter, indicating that they were planning to pursue a default judgment against the uninsured motorist.  See Goldberg Decl., Ex. C.  Thus, while it is true that a party can waive its arbitration rights by inducing the opposing party to litigate arbitrable issues needlessly, see, e.g., Burton v. Cruise, 190 Cal. App. 4th 939, 948 (2010) (recognizing that a "party's conduct in stretching out the litigation process [] may cause prejudice by depriving the other party of the advantages of arbitration"), Plaintiffs have not shown that State Farm induced them to do so here.

State Farm's February 2009 letter likewise does not support Plaintiffs' waiver argument.  That letter merely presented Plaintiffs with options, one of which was to sue -- Plaintiffs chose that option.  The letter also expressly informed Plaintiffs of their right to arbitrate.  Plaintiffs have not identified

8

anything in the letter that induced them to forfeit their arbitration rights, misrepresented State Farm's position, or otherwise prejudiced them.  Nor have they shown how the letter constitutes conduct inconsistent with an intent to arbitrate.  Accordingly, without a showing of prejudicial or inconsistent conduct by State Farm, Plaintiffs cannot establish that the company waived its arbitration rights under the insurance policy.

II.  Motion to Stay

As noted above, California law requires the court to grant a party's motion to stay if that party prevails on a petition to compel arbitration.  Cal. Civ. Proc. Code § 1281.4; MKJA, Inc., 191 Cal. App. 4th at 658.  Because State Farm has prevailed on its petition to compel arbitration here, its motion to stay must be granted.

## CONCLUSION

For the reasons set forth above, State Farm's petition to compel arbitration (Docket No. 15) and its motion to stay the proceedings pending arbitration (Docket No. 11) are GRANTED.  This case shall be administratively closed, subject to reopening if a petition to enforce the arbitration award is filed.

IT IS SO ORDERED.

Dated: 12/7/2012

CLAUDIA WILKEN
United States District Judge